DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIPPONKOA INSURANCE COMPANY, LTD.,

                *Plaintiff,*

- against -

WORLDWIDE FREIGHT CORP., *and*
STEVENS AND SON TRUCKING, LLC

                *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**07 CIV. 9306**

07 Civ.

JUDGE JONES

**COMPLAINT**

Plaintiff, Nipponkoa Insurance Company, Ltd. (hereinafter "Nipponkoa" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C § 14706, and/or otherwise arise under federal law within the meaning of 28 U.S.C. § 1331, and/or are supplemental claims to certain of the foregoing claims within the meaning of 28 U.S.C. § 1367.

2. At all material times, Plaintiff Nipponkoa, was, and now is, a foreign corporation organized and existing under and by virtue of the laws of Japan, with its principal U.S. office and place of business located in New York, New York. The Plaintiff was, at all material times, the

insurer of the shipment which is the subject matter of this action.

3. Defendant Worldwide Freight Corporation (hereinafter "Worldwide" or "Defendant") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of California, with its principal office and place of business located in Madisonville, Kentucky. Worldwide and was and now is engaged in business as a common carrier and/or broker of merchandise by motor vehicle, or is otherwise engaged in arranging and/or handling motor vehicle transportation of cargo.

4. Defendant Stevens and Son Trucking, LLC (hereinafter "Stevens and Son" or "Defendant") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of South Carolina with a principal office and place of business located in Trenton, South Carolina, and was and now is engaged in business as a common carrier of merchandise by Motor Vehicle.

4. Defendants organize and/or run routes through and thus can be found in and reside in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). Defendants thus do business in and thus reside in the same state within the meaning of said statute. In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because one or more of the Defendants are the delivering carriers and do business and operate trucks and routes throughout the 48 contiguous United States, including the State of New York and the area comprising the Southern District of New York.

5. On or about December 2, 2006, there was shipped by Precision Husky Corp. one 5100 Series Progrinder, then being in good order and condition (the "Shipment"). Defendant

2

Worldwide arranged for the Shipment to be received and accepted by Stevens and Son at Moody, Alabama. Stevens and Son, in turn, arranged for C.J. Mealing to carry the cargo. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry the Shipment to Los Angeles to be loaded aboard the M/V World Spirit for eventual discharge in Yokohama, Japan.

6. Thereafter, also on December 2, 2006, in Sulphur Springs, Texas, the driver lost control of his vehicle while attempting to retrieve his cell phone. The truck ran off the road and impacted a tree. The Shipment was not delivered in like good order and condition as when shipped, accepted, and received by Defendants, but on the contrary the shipment was seriously damaged and impaired in value, all in violation of Defendants' obligations as carriers.

7. Plaintiff insured the Shipment and paid certain damages incurred by its assured, due to the Shipment having been damaged. Plaintiff brings this action and Plaintiff is duly entitled to maintain this action.

8. Plaintiff and its assured have performed all conditions on their parts to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $110,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

**(Against All Defendants)**

10. Plaintiff incorporates herein by reference the allegations of paragraphs 1-9 above.

11. By reason of the foregoing, Defendants were carriers of merchandise within the meaning the Carmack Amendment, 49 U.S.C § 14706, and/or brokers and/or otherwise involved in arranging to move or handling such merchandise. The Defendants breached their duties as carriers and/or brokers or otherwise under applicable contracts.

12. By reason of the foregoing, Defendants each have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $110,000.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

**(Against All Defendants)**

13. Plaintiff incorporates herein by reference the allegations of paragraphs 1-12 above.

14. The Defendants were acting as bailees of the Shipment at the time it was damaged. The Defendants thereby, or through their contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the Shipment in the same condition as when entrusted to them and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

4

15. By reason of the foregoing, Defendants each have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $110,000.00.

## THIRD CAUSE OF ACTION

## NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS AND/OR WILFUL CONDUCT

### (Against All Defendants)

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1-15 above.

17. The Defendants, by their negligence, gross negligence, recklessness, willful conduct or other fault damaged the Shipment. The Defendants therefore failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to them and/or failed to carefully select and retain truckers to do so.

18. By reason of the foregoing, Defendants each have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $110,000.00.

**WHEREOF**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       October 16, 2007

                                      MALOOF BROWNE & EAGAN LLC

By: _____
    David T. Maloof (DM 3350)
    Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff Nipponkoa Insurance Company, Ltd.*