Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Worldwide Freight Corp.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X
NIPPONKOA INSURANCE COMPANY, LTD.

               Plaintiff,

v.

WORLDWIDE FREIGHT CORP., and STEVENS AND SON
TRUCKING, LLC,

               Defendants.
---------------------------------------------------------------------------

ECF CASE

07 CIV 9306 (Judge Jones)

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT WORLDWIDE FREIGHT CORP.**

Defendant Worldwide Freight Corp. ("WF") by its attorneys Barry N. Gutterman & Associates, P.C., for its Answer and Affirmative Defenses to the Complaint, alleges upon information and belief:

1. WF denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same and leaves plaintiff to its proof.

2. WF denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same and leaves plaintiff to its proof.

3. WF admits the allegations contained in paragraph 3 of the Complaint, except as to the allegation that WF acted as a common carrier, WF denies this allegation.

4. WF denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies same and leaves plaintiff to its proof.

4. Plaintiff has two (2) paragraphs 4 in its Complaint. As to the second paragraph 4 of the Complaint, WF denies the allegations.

5. WF denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same and leaves plaintiff to its proof.

6. WF denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint, except as to the allegation that WF violated its obligation as a carrier, WF denies this allegation.

7. WF denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies same and leaves plaintiff to its proof.

8. WF denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies same and leaves plaintiff to its proof.

9. WF denies the allegations contained in paragraph 9 of the Complaint.

10. WF repeats and realleges its responses to paragraphs 1-9 of the Complaint as its response to paragraph 10.

11. WF denies the allegations contained in paragraph 11 of the Complaint.

12. WF denies the allegations contained in paragraph 12 of the Complaint.

13. WF repeats and realleges its responses to paragraphs 1-12 of the Complaint as its response to paragraph 13.

14. WF denies the allegations contained in paragraph 14 of the Complaint.

15. WF denies the allegations contained in paragraph 15 of the Complaint.

16. WF repeats and realleges its responses to paragraphs 1-15 of the Complaint as its response to paragraph 16.

17. WF denies the allegations contained in paragraph 17 of the Complaint.

18. WF denies the allegations contained in paragraph 18 of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

19. WF is not responsible for any damage to the shipment caused by the improper loading of plaintiff.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

20. WF has no liability to plaintiff as WF acted only as property broker with regard to the shipment.

### AS AND FOR A
### THIRD AFFIRMATIVE DEFENSE

19. If the shipment referred to in the Complaint suffered any loss, damage, or delay, which is herein expressly denied, such loss, damage or delay was caused by parties over whom WF had no control.

### AS AND FOR A
### FOURTH AFFIRMATIVE DEFENSE

20. To the extent that plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

### AS AND FOR A
### FIFTH AFFIRMATIVE DEFENSE

21. To the extent that plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

### AS AND FOR A
### SIXTH AFFIRMATIVE DEFENSE

22. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, the plaintiff may not recover in excess of such limitations.

### AS AND FOR A
### SEVENTH AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim against WF upon which relief can be granted.

Wherefore, defendant Worldwide Freight Corp, hereby demands judgment:

(A) Dismissing the Complaint against it, with prejudice, together with attorneys fees and costs;

(B) For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 29, 2007

By: /s/ Barry Gutterman
Barry N. Gutterman, Esq. (BG-6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York, 10165
(212) 983-1466

Attorneys for Defendant
Worldwide Freight Corp.

TO: David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
Maloof Brown & Eagan LLC
411 Theodore Fremd Avenue
Suite 190
Rye, New York 10580
(212) 921-1200

Attorneys for Plaintiff


Stevens and Son Trucking, LLC
765 Mt. Zion Road
Trenton, SC 29201

WF2810.AAD